# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTINE ZAPATA, Individually and on Behalf of the Estate of Ramiro Zapata, Sr., RAMIRO JORDAN ZAPATA, VALARIE ZAPATA AND JOSE ZAPATA, <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLIC SERVICES, INC., REPUBLIC WASTE SERVICES GROUP OF TEXAS, INC., REPUBLIC WASTE SERVICES OF TEXAS LTD, BFI WASTE SERVICES OF TEXAS, LP, ROBERT YOUNGBLOOD, HARTFORD LIFE INSURANCE COMPANY AND THE HARTFORD FINANCIAL SERVICES GROUP, INC., <br><br> Defendants. | CASE NO. _____ |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, Hartford Life Insurance Company and The Hartford Financial Services Group[1] (collectively "Hartford"), hereby remove this action to the United States District Court for the Western District of Texas, San Antonio Division, which is the federal judicial

---

[1] Plaintiffs name The Hartford Financial Services Group, Inc. and Hartford Life Insurance Company as defendants in this action; however, The Hartford Financial Services Group, Inc. is a holding company that does not issue any insurance or administer any insurance claims, and Hartford Life Insurance Company neither issued the insurance at issue nor administers claims thereunder. Rather, Hartford Life and Accident Insurance Company administers claims submitted under the applicable Policy and Plan and would be the proper insurer defendant in this action.

1

district embracing the 37th Judicial District Court of Bexar County, where this case was originally filed as Case No. 2020CI11236. As addressed below, removal of this action is proper pursuant to 28 U.S.C. § 1331, in that Plaintiffs' claim against Hartford invokes the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The grounds for removal are as follows:

1. Plaintiffs commenced this civil action in the 37th Judicial District Court for Bexar County, Texas, on June 19, 2020. On June 14, 2021, Plaintiffs filed their Sixth Amended Petition, wherein they first named Hartford as defendants. A true and correct copy of all process and pleadings from the State-Court Action that Hartford could obtain by the time of filing are attached hereto as Exhibit A.

2. Service of process of Plaintiffs' Sixth Amended Petition was returned on July 28, 2021. Accordingly, this Notice of Removal is filed within thirty (30) days after service of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiffs' claim against Hartford invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. The United States District Court for the Western District of Texas, San Antonio Division, is the federal judicial district embracing the 37th District Court of Bexar County, Texas, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 124(d)(4) and § 1441(a).

## FEDERAL QUESTION JURISDICTION

5. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over a participant or beneficiary's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants or beneficiaries. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6. The field of employee benefit plans is one of the areas subject to complete preemption under federal law. Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such "extraordinary" preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)

3

("*Taylor*"). Thus, under the "complete preemption" doctrine, "claims that fall within the scope of [29 U.S.C.] § 1132(a) [ERISA § 502(a)] are treated as arising under federal law and thus may be removed to federal court." *Id.*

7. The Fifth Circuit has adopted the test for complete preemption under ERISA as set forth in the United States Supreme Court case *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488 (2004) ("*Davila*"). *See, e.g., Advanced Physicians, S.C. v. Nat'l Football League,* 2021 WL 2773112, at 1 (5th Cir. July 1, 2021) (following *Davila*). In *Davila*, the Supreme Court stated:

> [I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

542 U.S. at 210. As courts in the Fifth Circuit have applied *Davila*, if a plaintiff's claim falls within the scope of § 502, it is completely preempted and therefore removable to federal court.

### PLAINTIFFS COULD HAVE BROUGHT HIS CLAIM UNDER ERISA

8. The first part of the *Davila* test, whether a plaintiff could have brought his or her claim under ERISA, is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA. *Davila*, 542 U.S. at 211-12.

9. This action against Hartford could have been originally filed in this Court pursuant to 29 U.S.C. § 1132 in that Plaintiffs seek Declaratory Judgment to clarify and enforce rights under a pair of employer-sponsored ERISA welfare benefit plans sponsored by Republic Services, Inc. One of the plans is the self-funded Republic Services Occupational Injury Benefit Plan (Plan 551), and the other is the Republic Services, Inc. Employee Benefit Plan (Plan 501). *See* 2019 Form 5500s for both plans, attached as Exhibits B and C. Hartford Life and Accident Insurance Company insured and administered claims under the Basic Life, Voluntary Life, and Accidental Death and Dismemberment components of the Republic Services, Inc. Employee Benefit Plan during the relevant time period. A true and correct copy of the Policy is attached hereto as Exhibit D. Plaintiffs allege that Plaintiff Christine Zapata is a beneficiary of benefits under the Plan due to Ramiro Zapata's participation in the Plan during his employment with Republic. (*See* Sixth Amended Petition at ¶¶ 1, 40(a)).

10. Plaintiffs allege in their Sixth Amended Petition that Mr. Zapata "had two life insurance policies with Hartford." (Sixth Amended Petition at ¶ 40(a)). Plaintiffs further seek declaratory judgment that "the life insurance proceeds on both the policy . . . and the supplemental policy . . . are separate contractual agreements between Hartford and the Plaintiff; that her pursuit of these proceeds in no way invokes any other provision in the employee benefit plan including the

limited death benefits allowed in the plan for on the job deaths or the arbitration provision . . . ; that these proceeds are payable regardless of the cause of death and thus the fact that his death occurred on the job does not connect the policies with the other provisions of the employee benefit plan." *Id.* at ¶ 41. Plaintiffs then seeks recovery of attorneys' fees for seeking declaratory judgment. *Id.* at ¶ 42.

11.     Plaintiffs' request for Declaratory Judgment under the Texas Uniform Declaratory Judgment Act ("TUDJ") to interpret the Policy and Plan documents for the two ERISA plans and clarify and enforce Plaintiffs' rights regarding the terms of those plans and benefits thereunder could have been raised under 29 U.S.C. § 1132 and is preempted by ERISA. *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (finding declaratory judgment claim about terms of ERISA plan completely preempted); *Shanker v. United of Omaha Life Ins. Co.*, 2017 WL 25907, at 2 (S.D. Tex. Jan. 3, 2017) (holding that, while declaratory judgment was allowed in an ERISA case, TUDJ and its additional relief were preempted).

<b><u>NO INDEPENDENT LEGAL DUTY SUPPORTS<br>PLAINTIFFS' CLAIM AGAINST HARTFORD</u></b>

13.     The second prong of the *Davila* test is whether no independent legal duty supports Plaintiff's claim against removing defendants. As described above, Plaintiff's claim against Hartford falls within "ERISA territory" by seeking

clarification and enforcement of their rights regarding the terms of the plan and benefits thereunder.

16. In *Davila*, the U.S. Supreme Court observed that rights being enforced "derive[d] entirely from the particular rights and obligations established by the benefits plans" because "interpretation of the terms of [the plaintiffs'] benefit plans form[ed] an essential part of their [state law] claim . . . and liability would exist here only because of [the defendants'] administration of ERISA-regulated benefit plans." *Davila*, 542 U.S. at 213. Plaintiffs' relationship to Hartford is likewise premised solely on their respective roles as an alleged beneficiary as to Plaintiff and insurer and claims administrator of an ERISA plan as to Hartford.

17. Thus, no independent legal duty outside of ERISA supports Plaintiffs' claims against Hartford. As a result, Plaintiffs' claim against Hartford in the instant case relates to the Plan and are ERISA-preempted.[2]

## SUPPLEMENTAL JURISDICTION

18. Alternatively, to the extent the remaining claims are not ERISA-preempted and/or independently removable, this Court can exercise supplemental jurisdiction over any other claims asserted in this action.

19. The Supplemental Jurisdiction statute provides in relevant part as follows:

---

[2] Plaintiff's declaratory judgment claim against Republic Services also appears to be an ERISA claim as it seeks relief regarding clarification and enforcement of the terms of an ERISA plan against the Plan Sponsor and Plan Administrator. *See* Exhibit B.

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

20. Because, at a minimum, this Court has original jurisdiction over the claims against Hartford related to the ERISA plans, this Court also has supplemental jurisdiction over non-ERISA preempted claims forming part of the same case or controversy.

21. To the extent those claims fall outside of even the Court's supplemental jurisdiction, the action is still removable and the Court retains jurisdiction over the federal ERISA claims under 28 U.S.C. § 1441(c).

## **MISCELLANEOUS**

21. A copy of this Notice of Removal is being filed with the Clerk of the 37th Judicial District Court of Bexar County, Texas, as provided by law, and written notice is being sent to Plaintiffs' counsel.

22. Along with this Notice of Removal, Hartford will tender to the Clerk of this Court the funds necessary to secure removal.

23. This Notice of Removal is filed within thirty (30) days after service of

8

the pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

24. All properly joined and served defendants join in and consent to this removal. *See* Consent to Notice of Removal, attached hereto as Exhibit E.

25. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

26. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Texas, and this cause is removable to the United States District Court for the Western District of Texas.

27. Should any question arise as to the propriety of the removal of this action, Hartford respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable.

WHEREFORE, PREMISES CONSIDERED, Defendants Hartford Life Insurance Company and The Hartford Financial Services Group, desiring to remove this civil action to the United States District Court for the Western District of Texas, San Antonio Division, the district and division encompassing the county in which such civil action is pending, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the 37th Judicial District Court of Bexar County, Texas, shall effect the removal of said civil action to this Honorable

Court.

          Respectfully submitted,

          */s/ Josh B. Baker*
          Josh B. Baker
          William B. Wahlheim, Jr., *pro hac vice* motion to be filed
          *Attorney for Defendants Hartford Life Insurance Company and The Hartford Financial Services Group*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
T:  (205) 254-1000
F:  (205) 254-1999
jbaker@maynardcooper.com

10

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 26th day of August, 2021:

Larry D. Warren
Georgina E. Buckley
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350 (Warren)
Facsimile: (210) 785-2950 (Warren)
lwarren@namanhowell.com
gbuckley@namanhowell.com
*Attorneys for Defendants Republic Services Inc.,*
*Republic Waste Services Group of Texas, Inc.,*
*Republic Waste Services of Texas, LTD., BFI Waste*
*Services of Texas LP and Robert Youngblood*

Robert P. Wilson
THOMAS J. HENRY LAW
5711 University Heights, Suite 101
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601
rwilson-svc@thomasjhenrylaw.com
*Attorney for Plaintiffs*

                                            */s/ Josh Baker*
                                            OF COUNSEL